UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SAUL DOMINGUEZ-AGUIRRE and GABINO  :
ORTIZ,                             :
                                   :
                    Plaintiffs,    :   <u>REPORT &</u>
                                   :   <u>RECOMMENDATION</u>
       -against-                   :   15-CV-4931 (CBA) (SMG)
                                   :
277 GOLD INC., et al.,             :
                                   :
                    Defendants.    :
------------------------------------------------------------------x
STEVEN M. GOLD, U.S. Magistrate Judge:

  Plaintiffs have filed a letter motion seeking approval of a settlement they have reached with defendants in this action brought pursuant to the Fair Labor Standards Act. Dkt. 70. By Order dated February 18, 2020, United States District Judge Amon referred plaintiffs' motion to me for Report and Recommendation.

  I have reviewed the letter motion, the parties' settlement agreement, Dkt. 70-1, and the time records and disbursements identified by plaintiffs' counsel, Dkt. 70-3. Having done so, I find that "the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing, USA, Inc.*, 2008 WL 724155 (E.D.N.Y. Mar. 13, 2008) (internal quotations and citation omitted). *See also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

  In reaching this conclusion, I have considered several factors. First, the settlement was reached after experienced plaintiffs' counsel participated in court-annexed mediation. Second, although the settlement amount is only a small fraction of what plaintiffs claim in wages due, there is ample reason to believe that defendants are unable to pay more than the amount of the

settlement.  The restaurant operated by the defendants is now closed, and the primary individual defendant is facing a substantial tax lien.  Accordingly, the compromise plaintiffs are making is reasonable in light of the likely difficulty of enforcing a judgment if they proceeded to trial and prevailed.  Second, the release term in the settlement agreement is limited to wage-and-hour claims, and the settlement agreement does not impose a duty of confidentiality.  Finally, the attorney's fee portion of the settlement is consistent with the terms of plaintiff's retainer agreement, is for no more than one-third of the settlement amount after disbursements are deducted, and is for an amount less than a reasonably calculated lodestar.

For all these reasons, I respectfully recommend that the settlement agreement be approved.  Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before March 13, 2020.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may waive the right to appeal the District Court's order.  *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).  Plaintiff shall forthwith serve copies of this Report and Recommendation upon the defaulting defendant at its last known address and file proof of service with the Court.

                                                                                  _____
                                                                                  Steven M. Gold
                                                                                  United States Magistrate Judge

Brooklyn, New York
February 28, 2020

*U:\Dominguez R&R 15cv4931.docx*