UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

────────────────

№ 15-cv-4931 (CBA) (RER)

────────────────

SAUL DOMINGUEZ-AGUIRRE AND GABINO ORTIZ,

Plaintiffs,

VERSUS

277 GOLD INC. AND SALVATORE BARRETTA, *ET AL.*,

Defendants.

────────────────

**SUMMARY ORDER**

February 22, 2022

────────────────

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court upon referral from the Honorable Carol B. Amon, Senior United States District Judge, is Plaintiffs' motion to compel defendant Salvatore Barretta ("Barretta") to comply with a June 23, 2021, information subpoena served on him pursuant to Rule 69 of the Federal Rules of Civil Procedure ("FRCP") and Section 5223 of the New York Civil Practice Law and Rules ("CPLR"). (ECF Nos. 86-88 (motion to compel); *see also* ECF Nos. 84-85 (information subpoena and proof of service)). Neither Barretta nor his counsel, Elio Forcina, Esq. have responded to the motion. The motion to compel is granted as it is fully supported and unopposed.

Under FRCP 69, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located. *See* Fed. R. Civ. P. 69(a)(1); *Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-cv-4132 (DRH)(SIL), 2015 WL

5190850, at *2 (E.D.N.Y. Sept. 4, 2015). A judgment creditor may rely on federal or state discovery procedures to obtain information relevant to the satisfaction of a judgment. *See* Fed. R. Civ. P. 69(a)(2). Pursuant to New York law, a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena[.]" C.P.L.R. § 5223. Service of the subpoena may be made by registered or certified mail, return receipt requested. C.P.L.R. § 5224(a)(3). If the recipient of an information subpoena fails to respond within seven days, a court may order compliance. See C.P.L.R. § 2308(b)(1) ("If the court finds that the subpoena was authorized, it shall order compliance...."); *CAC of NY*, 2015 WL 5190850, at *2; N.Y. C.P.L.R. § 5224(a)(3).

As judgment creditors, plaintiffs are entitled to seek information relevant to collecting on their Judgment against Barretta. In their information subpoena, plaintiffs demand information regarding, among other things, defendant Barretta's income and assets. (ECF No. 84). Therefore, the information sought by plaintiffs is relevant to collecting the Judgment entered against Barretta, and is thus discoverable pursuant to Rule 69 of the FRCP. *See CAC of NY*, 2015 WL 5190850, at *2; *Blue v. Cablevision Sys., New York City Corp.*, No. 00–cv–3836, 2007 WL 1989258, at *3 (E.D.N.Y. July 5, 2007).

Accordingly, Barretta is directed to respond in full to plaintiffs' information subpoena within thirty days of this Order. Failure to do so may result in facts being certified to the Honorable Carol B. Amon, along with a recommendation that Barretta be held in contempt of court.

SO ORDERED

Hon. Ramon E. Reyes, Jr.
United States Magistrate Judge